DOMENGEAUX, Judge,
concurring.
I agree with the majority opinion, but would go further. I would definitively declare C.C. Art. 39 to be constitutional. Generally, the same rationale applied by the Louisiana Supreme Court in Williams, Barton, and Loyacano concerning respectively, C.C. Art. 148, La.R.S. 14:74, and C.C. Art. 160, should apply to C.C. Art. 39.
Under Article 86 of the Louisiana Civil Code the law considers marriage in no other view than as a civil contract. Our Code provides certain obligations upon both of the parties who enter into marriage. For example, C.C. Art. 119, provides that each party owes to the other mutually, fidelity, support, and assistance. Under Article 227 both parties by contract are obliged to support, maintain, and educate their children. Under Article 120 the wife is obliged to live with her husband and to follow him wherever he chooses to live, and conversely he has the obligation to receive his wife and furnish her with the conveniences of life in proportion to his means and condition. Article 39 fits into the scheme of the above referred to Articles in that the wife’s domicile is that of her husband. However, by jurisprudence, a wife may be relieved of the obligation of living with her husband and may establish a separate domicile if he abandons her or is cruel to her. The legislature has imposed upon the wife the obligation to live with her husband, and upon the husband the obligation to accept his wife. These obligations are designed to protect the security of marriage, which is a reasonable legislative prerogative.
In Barton, our Supreme Court stated: “. . The degree of accuracy required of sex-based classifications is tested by the traditional standard of review, which requires only that there be a rational relation between the classification as drawn and the achievement of a legitimate state objective found to be the purpose of the statute. [Footnote omitted].
Article I, Section 3 of our constitution does not outlaw different classifications because of sex. Only when such classification is arbitrary, capricious, or unreasonable is it tainted with unconstitutionality.
It is my opinion that the classification of C.C. Art. 39 in fact bears a rational relation to a legitimate legislative purpose, i. e., supporting the stability of the marital relationship and providing certainty in judicial procedure. While it may be contended that the statute does not draw perfectly tailored lines, such is not the legal requirement for validity.
In the context of the total legislative theme for marital and familial stability, Civil Code Article 39 is constitutional.